IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Matthew U. Glanton, Jr.,              ) <br>                            ) <br>           Plaintiff,      ) <br>                            ) <br>      vs.                   ) <br>                            ) <br> DIRECTV, LLC,           ) <br>                            ) <br>           Defendant.    ) <br>                            ) | Civil Action No. 8:15-5041-TMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 17).  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTUAL ALLEGATIONS

The plaintiff alleges that he is the "victim of ongoing identity theft," which he has reported to the police (comp. ¶ 9).  The plaintiff further alleges that he discovered a "fraudulent inquiry" made by the defendant on his credit report and that he reported the same to Equifax in April 2014 (*id*. ¶ 10) The plaintiff alleges that the inquiry was "fraudulent" because it was initiated "as a result of Identity Theft" (doc. 17-3).  The plaintiff alleges that Equifax's response to this "dispute" indicated that the defendant "refused to remove the fraudulent inquiry due to factual records it has on file for [the plaintiff]" (comp. ¶ 11).  The plaintiff contends that, as a consequence of the appearance of this inquiry, he was "framed and humiliated by [the defendant], and suffered from harassment, severe emotional distress, feelings of oppression, embarrassment, and financial damages . . ." (*id*. ¶ 12).

The plaintiff alleges that he sent a "letter of dispute along with both of his police reports, which clearly supported his claims of identity theft, [to the defendant] via

regular mail…" on July 30, 2014 (the "July 30 Letter") (*id*. ¶ 13; doc. 17-2, July 30 Letter).

In the July 30 Letter, the plaintiff stated as follows, in pertinent part:

> I am a victim of identity theft, and I recently found that you made an unauthorized inquiry on my Equifax credit profile. It is shocking to know that you have done this without my consent or permission, I have never sought to acquire services from and may not ever do so because of this terrible experience…
>
> Furthermore, I am often misconstrued with my father because he and I both share the same first and last name; he has also been found guilty by the local authorities for providing my personal information in order avoid legal matters. He and I also lived at the same residence for many years, so it's easy to get our information confused.
>
> I'm asking that you please remove the unauthorized inquiry from my credit report(s) as soon as possible, you are not only damaging my credit score, but you are in violation of my personal and financial privacy. . . .

(Doc. 17-2).[1]

The plaintiff claims that the defendant "failed to send a correspondence in regard to the receipt" of the July 30 Letter and that the defendant "intentionally failed to adhere to the Fair Credit Reporting Act ("FCRA") in regard to victims of identity theft and that [the defendant] grossly failed to take all required actions to investigate the negative item and to permanently remove it from . . . [the plaintiff's] public credit profile" (comp. ¶ 14).

The plaintiff alleges that he sent a second letter to the defendant on November 2, 2015 (the "November 2 Letter") (doc. 17-3, November 2 Letter).  In the November 2 Letter, the plaintiff stated as follows, in pertinent part:

---

[1]The undersigned's consideration of the July 30 and November 2 Letters does not convert the instant motion to a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and are not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. . . .").  The plaintiff referenced and explicitly relied on the letters in the complaint (comp. ¶¶ 13, 16), and neither party questions their authenticity. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 448 (4th Cir. 2011).

> I disputed an unauthorized inquiry, as a result of Identity Theft, made by you on November 9, 2013, via Equifax. On July 29, 2014, you responded to Equifax stating that you had factual record of file access even after the inquiry was reported to be a result of Identity Theft.
>
> Wednesday, July 30, 2014, I sent you a letter of dispute (enclosed with my police report supporting my claims) through regular mail referencing the unauthorized inquiry made by you; also, in the letter, I respectfully requested that you send me factual documents in which you were referencing to be factual record of file access. However, you never responded to my request.
>
> I have been struggling to clear my good name due to ongoing Identity Theft, as well as a mixture of information which pertains to a relative(s) who share the same first and last name as I do. You have caused me great emotional distress, and inconvenience. . . .

(*Id.*).  The plaintiff alleges that the defendant again failed to respond to the letter, "therefore committing another criminal act of omission" (comp. ¶ 18).  In his complaint, the plaintiff demands judgment "in . . . excess … of $75,000 in actual damages, discretionary penalties all together with attorney's fees, court costs, and other costs as provided by law" (*id.* ¶ C).

## APPLICABLE LAW AND ANALYSIS

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569).  "The plausibility standard is not akin to a probability requirement, but it

3

asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4ᵗʰ Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). The court must liberally construe *pro se* complaints to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 448 (4th Cir. 2011). The court may consider such a document, even if it is not attached to the complaint, if the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id*. at 448 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). *See also Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011), aff'd, 482 F. App'x 759 (4th Cir. 2012) ("In evaluating a motion to dismiss under Rule 12(b)(6), the Court… may also "consider documents attached to… the motion to dismiss, so long as they are integral to the complaint and

authentic.") (quoting *Sec'y of State for Def. v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007)).

Congress enacted the FCRA to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, insurance, and other information in a manner that is fair and equitable to the consumer." 15 U.S.C. § 1681(b). The plaintiff does not point to a specific provision of the FCRA that the defendant allegedly violated (*see generally* comp.). He alleges that the defendant made a "fraudulent inquiry" (comp. ¶ 10) and thus appears to allege a violation of 15 U.S.C. § 1681b(f). The FCRA allows access to a consumer's credit report only for specified permissible purposes. *Cappetta v. GS Servs. Ltd. P'ship*, 654 F. Supp. 2d 453, 457 (E.D. Va. 2009). Under the FCRA, "[a] person shall not use or obtain a consumer report for any purpose unless-(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified ... by a prospective user of the report through a general or specific certification." 15 U.S.C. § 1681b(f). To state a claim for acquisition of a credit report in violation of the FCRA, "a plaintiff must allege facts showing each of the following: (i) there was a consumer report; (ii) the defendant used or obtained it, (iii) the defendant did so without a permissible statutory purpose, and (iv) the defendant acted with the specified culpable mental state." *King v. Equable Ascent Fin., LLC*, 1:12–CV–443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013) (quoting *Benzing v. Tharrington–Smith, LLP*, 5:10–CV–533–F, 2012 WL 169946, at *3 (E.D.N.C. Jan.19, 2012)). When a defendant acted willfully in violating the statute's requirements by obtaining a consumer report under false pretenses or knowingly without a permissible purpose, the FCRA permits a plaintiff to recover actual damages or statutory damages of $1,000, whichever is greater; punitive damages; and costs of the action. *Id.* § 1681n(a). When a defendant acted negligently, a plaintiff may recover actual damages and costs of the action. *Id*. at §1681o(a).

The defendant argues that the plaintiff has failed to allege that it lacked a permissible purpose for obtaining his credit report (doc. 17-1 at 6-10). The undersigned

5

agrees. As noted above, in the July 30 Letter, which the plaintiff incorporates by reference into his complaint, the plaintiff states that the defendant "made an unauthorized inquiry… without my consent or permission" despite the fact that the plaintiff "never sought to acquire services from" the defendant (doc. 17-2). These allegations are insufficient to indicate that the defendant accessed the plaintiff's credit report without a permissible purpose.  By its plain language, Section 1681b does not require that a user of credit reports like the defendant have a consumer's "permission" to access his credit report.   It is also insufficient for the plaintiff to allege that he "never sought to acquire services from" the defendant.  "It is not necessary that the plaintiff have direct dealings with a defendant in order for the defendant to lawfully obtain a consumer report." *Gibbons v. GC Servs., LLC*, No. 5:13-CV-00084-BO, 2013 WL 5371620, at *2 (E.D.N.C. Sept. 24, 2013) (dismissing complaint which alleged that defendant "intruded into plaintiff's privacy" by obtaining a copy of his credit report despite the supposed fact that the plaintiff had no "prior business dealings or accounts with defendant").  In *Boston v. BKO Brenner American*, the plaintiff alleged that she "never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant." No. 3:12-cv-00520-GCM, 2012 WL 6018869, at *3 (W,D. N.C. Dec. 3, 2012). The court held that those allegations "fail[] to establish that Defendant's activities were impermissible." *Id*. The court continued: "Plaintiff need not have had direct contact with Defendant in order for Defendant to lawfully obtain a copy of a consumer report." *Id*.

The defendant further argues that the plaintiff's allegations make clear that the defendant had a permissible purpose for accessing the plaintiff's credit report.  "'A showing of a permissible purpose is a complete defense.'" *Daniel v. Bluestem Brands, Inc*., No. 13-11714, 2014 WL 81763, at *4 (E.D. Mich. Jan. 9, 2014). (quoting *Rydell v. Servco Auto Windward*, No. 11-00485, 2011 WL 5506088, at *2 (D. Haw. Nov. 9, 2011)). Under the FCRA, a credit reporting agency ("CRA") like Experian, Trans Union, or Equifax, may furnish a consumer report:

6

> (3) To a person which it has reason to believe
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
> * * *
>
> (F) otherwise has a legitimate business need for the information
>    (i) in connection with a business transaction that is initiated by the consumer; or
>    (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. § 1681b(a)(3)(A), (F).  Courts have applied this "reasonable belief" standard to CRAs and users of consumer reports to determine whether their reasons for providing or acquiring the reports are permissible.  In *Korotki v. Attorney Serv. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996), the district court noted that Section 1681b specifically requires that a CRA have "'reason to believe' that the information it provides to a user will be used for one of the enumerated permissible purposes." *Id*. The court then concluded that "the burden on users is similar," stating, "so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Id*.  Other courts have followed suit. *See, e.g., Wells v. Craig & Landreth Cars, Inc.*, No. 3:10-CV-00376, 2011 WL 1542121, at *2 (W.D. Ky. Apr. 21, 2011) ("One such permissible purpose allows a lender to access a consumer's credit report if the lender has reason to believe that the information is to be used 'in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.'"); *Shah v. Collecto, Inc.*, No. CIV 2004-4059, 2005 WL 2216242, at *12 (D. Md. Sept. 12, 2005) ("[I]f a user had a reason to believe that a consumer owed a debt, it would have a permissible purpose to access the consumer's credit report.").

In his complaint, the plaintiff alleges that he is the victim of ongoing identity theft (comp. ¶ 9).  He also notes in the July 30 Letter that he his is often "misconstrued with

[his] father" and that his father has been found guilty of providing the plaintiff's "personal information in order [to] avoid legal matters" (doc. 17-2). In the November 2 Letter, which is also incorporated by reference into the complaint, the plaintiff complains that the defendant made "an unauthorized inquiry, as a result of Identity Theft" (doc. 17-3). Courts have reached the conclusion that there is no violation of Section 1681b when a creditor obtains a credit report due to an imposter's application for credit even though the identity theft victim did not make the application. *See, e.g., Daniel v. Bluestem Brands, Inc.*, No. 13-11714, 2014 WL 81763, at *5 (E.D. Mich. Jan. 9, 2014) ("[A] potential creditor does not violate section 1681b(f) when it accesses a plaintiff's credit report for a permissible purpose, even if the plaintiff's identity was stolen and the plaintiff did not initiate the business contact."); *Bickley v. DISH Network, LLC*, No. 3:10-CV-00678-H, 2012 WL 5397754, at *5 (W.D. Ky. Nov. 2, 2012) (holding that inquiry was permissible based upon a telephone request for DISH Network service by an imposter of plaintiff, even though the plaintiff was the victim of identity theft); *Ewing v. Wells Fargo Bank*, No. CV11-8194-PCT-JAT, 2012 WL 1844807, at *4 (D. Ariz. May 21, 2012) (finding that the plaintiff's conclusory allegation that the defendant had no permissible purpose for obtaining her credit did not state a claim under section 1681b(f), in part, because the plaintiff's police report for identity theft indicated that someone used her identity to apply for a loan or credit transaction with the defendant).Taking the plaintiff's allegations as true and drawing reasonable inferences in the plaintiff's favor, the defendant had grounds to reasonably believe it was acquiring the plaintiff's credit report for a permissible purpose.

Moreover, the plaintiff has failed to allege that the defendant acted with the requisite culpable mental state. To survive a motion to dismiss a § 1681b claim, a plaintiff must allege "with sufficient factual support, that Defendant either willfully or negligently obtained her credit report without having a legitimate business purpose for doing so." *Cappetta*, 654 F. Supp. 2d at 461. The plaintiff alleges no facts whatsoever to indicate that the defendant acted either willfully or negligently in obtaining his credit report. Accordingly, he has failed to state a claim. *See Pugh v. Corelogic Credco, LLC*, No. CIV.A. DKC

13-1602, 2013 WL 5655705, at *3 (D. Md. Oct. 16, 2013) ("Because Plaintiff has failed to provide any facts giving rise to a plausible claim that Defendant violated the FCRA negligently, much less willfully, Plaintiff has not met his pleading burden.").

In his opposition to the motion to dismiss, the plaintiff suggests that the defendant violated Section 1681b by refusing to "remove[] [the] fraudulent credit inquiry from his credit profile" after he provided the defendant with the "supporting documentation [to] prove that [the plaintiff] is a victim of identity theft" (doc. 21 at 2). However, as argued by the defendant, Section 1681b does not permit users of credit reports to "remove" credit inquiries from consumers' credit reports. The CRAs (not users of credit reports) maintain records of credit inquiries, and the CRAs control those records. The FCRA regulates the circumstances under which the CRAs may disclose records of inquiries to third parties. *See, e.g.,* 15 U.S.C. § 1681g (requiring CRAs to disclose to consumers the "[i]dentification of each person… that procured a consumer report" concerning that consumer); *id.* § 1681b(c)(3) (providing that a CRA "shall not furnish to any person a record of inquiries in connection with a credit or insurance transaction that is not initiated by a consumer") . Users of credit reports such as the defendant do not control the disclosure of those records to third parties, and no provision of the FCRA requires users of credit reports to control the disclosure of the CRAs' records of previous inquiries. Therefore, the complaint fails to state a claim that the defendant had a "duty" to "remove" the record of its allegedly "unauthorized" credit inquiry.[2]

---

[2]The plaintiff's factual allegations all regard a fraudulent or unauthorized "inquiry" by the defendant (comp. ¶¶ 10, 11; doc. 21-6, July 30 Letter; doc. 21-6, November 2, Letter). The FCRA imposes distinct duties on three types of entities: CRAs, users of consumer credit reports, and furnishers of information to CRAs. *Wenner v. Bank of Am., N.A.*, 637 F.Supp.2d 944, 951 (D.Kan.2009). The plaintiff does not allege that the defendant *furnished* or supplied false information to the CRAs, and thus the portion of the FCRA related to the duties of furnishers is not at issue here. *See* 15 U.S.C. § 1681 s–2(a), (b).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 17) should be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

March 4, 2016
Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).